# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| EDWARD FRANCZAK, JR.<br><br>Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK, A/S<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

# IDENTIFICATION OF PARTIES

## **Plaintiff(s)**

1.  Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Edward Franczak, Jr._____.

2.  If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A_____,
as _____ of the estate of _____, deceased.

3.  If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A_____.

4.  If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A_____.

## **Defendant(s)**

5.  Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

_____ Novo Nordisk Inc.

____✔____ Novo Nordisk A/S

_____ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify):

6.     City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Jackson, NJ

7.     State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

New Jersey

8.     State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

New Jersey

9.     City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Jackson, NJ

10.     Jurisdiction is based on:

     ___✔___     diversity of citizenship pursuant to 28 U.S.C. § 1332

     _____     other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

U.S. District Court for the District of New Jersey

12.     Venue is proper in the District Court identified in Paragraph 11 because:

___✔___     a substantial part of the events and omissions giving rise to Plaintiff(s)'
claims occurred there;

_____     other (plead in sufficient detail as required by applicable rules):


13.     If applicable, identify the citizenship of any additional Defendant(s) named above:

Defendant, Novo Nordisk A/S, is a public limited liability company organized
under the laws of Denmark with its principal place of business in Bagsværd,
Denmark.

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are

being asserted in this case (check all that apply):

____✔____    Ozempic (semaglutide)

_____    Wegovy (semaglutide)

_____    Rybelsus (oral semaglutide)

_____    Saxenda (liraglutide)

_____    Trulicity (dulaglutide)

_____    Mounjaro (tirzepatide)

_____    Zepbound (tirzepatide)

_____    other(s) (identify):

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA

Product(s) during the following approximate date range(s) (month(s) and year(s))

(if multiple products, specify date range(s) for each product):

In or around 3/2020-3/2024

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____    Gastroparesis

___✔___    Other gastro-intestinal injuries (specify):

bowel obstruction, nausea, diarrhea, abdominal pain, constipation,

_____    Ileus

_____    Ischemic Bowel/Ischemic Colitis

_____    Intestinal Obstruction

_____    Necrotizing Pancreatitis

_____    Gallbladder Injury (specify)

_____    Micronutrient Deficiency

_____    Wernicke's encephalopathy

_____    Aspiration

_____    Death

___✔___    Additional/Other(s) (specify):

Excessive bleeding

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Excessive bleeding - initially in or around 6/2021
Bowel obstruction - initially in or around 10/2021
Nausea - initially in or around 3/2021
Diarrhea - initially in or around 3/2021
Abdominal pain - initially in or around 3/2021
Constipation - initially in or around 1/2024

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✔     Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify):

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| ✔ | Court I: | Failure to Warn – Negligence |
| ✔ | Count II: | Failure to Warn – Strict Liability |
| ✔ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| ✔ | Count IV: | Breach of Implied Warranty |
| ✔ | Count V: | Fraudulent Concealment/Fraud by Omission |
| ✔ | Count VI: | Fraudulent/Intentional Misrepresentation |
| ✔ | Count VII: | Negligent Misrepresentation/Marketing |
| ✔ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| ✔ | Count IX: | Innocent Misrepresentation/Marketing |
| ✔ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| ✔ | Count XI: | Negligence |
| ✔ | Count XII: | Negligent Undertaking |
| ✔ | Count XIII: | State Product Liability Act (see below) |
| | Count XIV: | Wrongful Death |
| | Count XV: | Loss of Consortium |
| | Count XVI: | Survival Action |
| | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of

any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

The New Jersey Product Liability Act ("NJPLA") is set forth at N.J. Stat. § 2A:58C-1 et seq. (See specific subsections below)

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

       failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

New Jersey has adopted the NJPLA, establishing strict liability for all claims of harm caused by a product, including theories of failure to warn, defective design and defective manufacture. N.J. Stat. § 2A:58C-1 to N.J. Stat. § 2A:58C-8. Subsumed within the NJPLA are claims of negligence, implied warranty, and the like, with the exception of express warranty and consumer fraud claims. § 2A:58C-1 to N.J. Stat. § 2A:58C-3.

    c.  Identify the factual allegations supporting those claims:

The factual allegations supporting the causes of action are set forth in paragraphs 606-926 of the Master Complaint. All of those causes of action are subsumed within the NJPLA, except for the causes of action based upon express warranty (factual allegations at paragraphs 675-698) and consumer fraud (factual allegations at paragraphs 850-865).

**\* *Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate

pre-suit notice to Defendant(s)?   N/A    . If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## <u>JURY DEMAND</u>

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:  1/27/2026

By: *Stefanie Colella-Walsh, Esq.*

Stark & Stark, P.C.

Stefanie Colella-Walsh, Esq.

Martin P. Schrama, Esq.

100 American Metro Blvd

Hamilton, NJ 08619

Ph: 609-895-7362